UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>8. HAYAT MOHAMED NUR,<br><br>  Defendant. | Case No. 22-cr-124 (NEB/DTS)<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |

The United States of America, through Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture that includes: (1) a $31,130 money judgment forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2; (2) a General Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and (3) an order authorizing discovery to locate assets subject to forfeiture.

## BACKGROUND

On September 13, 2022, a Grand Jury in the District of Minnesota returned a Superseding Indictment against Defendant Hayat Mohamed Nur and others. ECF No. 57 ("the Indictment"). The Indictment contained Forfeiture Allegations providing notice the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any property, real or personal, constituting or derived from proceeds traceable to Counts 1-19 of the Indictment. *Id*.

On June 7, 2024, following a lengthy trial, a jury found Hayat Nur guilty of

one count of Conspiracy to Commit Wire Fraud (Count 1) and two counts of Wire Fraud (Counts 10 and 11). She was found not guilty on Counts 4 (Wire Fraud) and 34 (Section 1957 Money Laundering).

The conspiracy and wire fraud counts for which Hayat Nur was convicted concerned a massive fraud scheme through which the five convicted defendants conspired to, among other things, defraud the government through the submission of claims that falsely asserted they were entitled to reimbursement for approximately $49 million for meals they purported to have served to needy children. *E.g.,* Declaration of Lacramioara Blackwell ("Blackwell Dec."), Ex. A. The government introduced detailed evidence that the defendants collectively obtained approximately $42 million as a result of the fraud scheme and conspiracy. *See id.,* Ex. B.

As set forth at trial, Hayat Nur's role in the conspiracy was to create false invoices used to support fraudulent billings submitted to the Minnesota Department of Education to justify payments made to her co-conspirators and their companies. *E.g.,* PSR ¶¶ 46, 55, 56.

Hayat Nur did not own any of the items the government seized for forfeiture in this case. *Id* ¶ 7. She was paid for her role in the scheme, but the directly-traceable fraud proceeds she received could not be seized by the government. Through this motion, the United States seeks an order imposing a money judgment forfeiture, authorizing discovery to locate assets that could be forfeited from Hayat Nur, and allowing forfeiture of any subsequently discovered forfeitable assets.

# ARGUMENT

## I.  A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED.

### A. Legal Standard

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

> (b) Entering a Preliminary Order of Forfeiture.
>
>> (1) Forfeiture Phase of the Trial.
>>
>>> (A) Forfeiture Determinations. As soon as practical after a verdict of finding of guilty . . ., on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>>> . . .
>>> (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>>
>> (2) Preliminary Order.
>>
>>> (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, <u>the court shall order the forfeiture</u> of the property as part of the sentence in the criminal case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion"). "Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant, pursuant to 18 U.S.C. § 982(a)(2), is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted).

Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9. Third-party claims to forfeitable property are

4

addressed in an ancillary proceeding and are not at issue at this stage of the forfeiture process. *See* 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)); Fed. R. Crim. P. 32.2(c).

### B. Forfeiture is Authorized for All Proceeds of a Wire Fraud Scheme.

Hayat Nur has been convicted of Wire Fraud and Wire Fraud Conspiracy in violation of 18 U.S.C. § 1343. As a consequence, 18 U.S.C. § 981(a)(1)(C) mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[1]

Proceeds of a wire fraud scheme include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively.* 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016) (all

---

[1] Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. § 2461(c) authorizes criminal forfeiture when a defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 57, Forfeiture Allegations. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-584 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

funds from defendant's fraud scheme were subject to forfeiture on conviction for wire fraud, rather than only the amounts specified in counts of conviction). Because Hayat Nur provided only fake invoices, there would be no expenses to deduct.

## II.   A MONEY JUDGMENT FORFEITURE OF $31,130 SHOULD BE ENTERED.

### A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for amount of money judgment forfeiture); *Jennings*, 487 F.3d at 586 (affirming money judgment for amount of proceeds defendant derived from "honest services" mail fraud scheme).

"[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture. . . "Rather, district courts may use general points of reference as a starting point for a forfeiture calculation and make reasonable

extrapolations supported by a preponderance of the evidence." *Peithman,* 917 F.3d at 651 (quoting *United States v. Prather,* 456 F.App'x 622, 626 (8th Cir. 2012)).

**B. The United States is Entitled to a $31,130 Money Judgment Forfeiture Against Hayat Nur Pursuant to 18 U.S.C. § 981(a)(1)(C).**

Hayat Nur was convicted of Conspiracy to Commit Wire Fraud and two counts of Wire Fraud for a scheme through which the defendants collectively obtained tens of millions of dollars of illicit fraud proceeds. Evidence introduced at trial included summaries and schedules of bank records for Hayat Nur. *E.g.,* Blackwell Dec., ¶¶ 10-11, Ex. C (Gov't Trial Exhibit M-38). As the exhibit shows, Hayat Nur deposited into her bank accounts $14,500 from Nur Consulting LLC, $5,500 from Abdimajid Nur, $3,580 from The Free Minded Institute. *Id.* She also deposited $5,200 in what was labeled "cash" deposits. That sum includes an ATM deposit of a $5,000 check from Empire Cuisine & Market LLC. *Id.,* Ex. D at 4-7.

Bank records seized from Abdimajid Nur show that he paid an additional $2,550 to Hayat Nur through Cash App payments and a check, for a total of at least $31,130. *Id.* ¶¶ 6, 12, 13, Exs. E, F. This sum is consistent with trial testimony and the PSR, which states "Hayat Nur directly pocketed more than $30,000 of fraudulently-obtained federal funds for her participation in the scheme." PSR ¶ 97.

Evidence at trial shows that those payments from co-conspirators were made to Hayat Nur for generating false invoices. She provided no legitimate goods or services. As a result, the funds Hayat Nur received from her co-conspirators for the

7

fraudulent documents she created constitute proceeds of the fraud scheme. A money judgment forfeiture of $31,130 is therefore appropriate.

### III. A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST HAYAT NUR.

The United States also requests that a general order of forfeiture be entered against Hayat Nur pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)    lists any identified property;
>
> (ii)   describes other property in general terms;
>
> (iii)  states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the fraud scheme would allow the government to clear title to such assets and seek to

8

recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c) (codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

### IV. THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds Hayat Nur obtained directly or indirectly from the wire fraud scheme, or assets of Hayat Nur that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

The United States requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture:

1. issuing a money judgment forfeiture in the amount of $31,130 against Hayat Nur pursuant to pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2;

2. forfeiting from Hayat Nur, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c), all property, real or personal, which constitute or are derived from proceeds traceable to Counts 1, 10 and 11 of the Superseding Indictment; and

3. allowing the United States to take discovery to identify additional assets potentially subject to forfeiture.

Respectfully submitted,

Dated: 10/25/2024

ANDREW M. LUGER
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov